R. Duane Westrup (State Bar No. 58610)
Mark L. Van Buskirk (State Bar No. 190419)
Jennifer L. Connor (State Bar No. 241480)
WESTRUP KLICK, LLP
444 West Ocean Boulevard, Suite 1614
Long Beach, California 90802
Telephone: (562) 432-2551
Facsimile: (562) 435-4856
mvanbuskirk@wkalaw.com

Attorneys for Plaintiff, THOMAS MOLNAR,
individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MOLNAR, suing individually and on behalf of all others similarly situated, | Case No. CV-08-0542 CAS(JCx) |
| | **CLASS ACTION** |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| 1-800-FLOWERS.COM, INC., a Delaware corporation; 800-FLOWERS, INC., a Delaware corporation; and defendant DOES 1 through 100, inclusive, | |
| Defendants. | |
| | Complaint Filed:   December 21, 2007 |
| | FAC Filed:         August 11, 2008 |

The parties' participation in pretrial discovery may require the disclosure of certain documents and testimony which contain or concern confidential, proprietary or financially sensitive information, or information which one or more of the parties are legally required to

1  maintain as confidential or required to maintain as confidential pursuant to agreement with third

2  parties. The parties wish to provide for the delivery of such information in a manner that will

3  protect its confidentiality and limit its dissemination to others. The parties hereby stipulate to and

4  petition this Court to enter the following Stipulated Protective Order. The parties acknowledge that

5  this Order does not confer blanket protections on all disclosures or responses to discovery and that

6  the protection it affords extends only to the limited information or items that are entitled under the

7  applicable legal principles to treatment as confidential. The Parties intend that the operation of this

8  Protective Order complies with any and all applicable statutes, rules, and/or laws.  Subject to 3.6

9  below, and to the extent that applicable statutes, rules, and/or laws prohibit the operation of this

10  Protective Order, that portion of the Protective Order may be considered null and void and

11  severable, and the applicable statute, rule and/or law shall govern.  Accordingly,

12       IT IS HEREBY STIPULATED TO BY THE PARTIES AND ORDERED THAT the

13  following provisions shall govern the handling and disclosure of testimony, arguments, filings,

14  documents, things and information obtained, generated or produced by any party to these

15  proceedings, or by third parties:

16  1.     <u>DEFINITIONS</u>

17       1.1     <u>Confidential Information</u>:  means any confidential, sensitive, or proprietary

18  information, including trade secrets, financial information, and personal or customer information

19  that is legally protected under standards developed under Fed. R. Civ. P. 26(c) and not publicly

20  available. Confidential Information may be included, without limitation, in the following: exhibits

21  and testimony taken at deposition, affidavits or declarations; correspondence; answers to

22  interrogatories; documents and tangible things produced by a party or person (whether produced

23  pursuant to Rule 34 of the Federal Rules of Civil Procedure, subpoena, or otherwise); responses to

24  requests for admission; and briefs or other papers that may quote, summarize, or contain

25  Confidential Information.

26       1.2     "Highly Confidential - Attorneys' Eyes Only" Information or Items:  means

27  extremely sensitive "Confidential Information" whose disclosure to another Party or non-party

28  would create a substantial risk of serious injury (e.g. by disclosure of trade secrets or invasion of

privacy) that could not be avoided by less restrictive means.

      1.3   <u>Document</u>: the term "document" shall have the most comprehensive and inclusive meaning ascribed to it by Rule 34 of the Federal Rules of Civil Procedure or Rule 1001 of the Federal Rules of Evidence, and includes without limitation any written, recorded, electronically stored, or graphic material.

      1.4   <u>Producing Party</u>:  means a party or non-party that produces documents, information or other materials in connection with this litigation.

      1.5   <u>Receiving Party</u>:  means a party in or third party to this litigation (or counsel thereto and their agents) who obtains Confidential Information pursuant to paragraph 1.1 of this Order from a Producing Party.

      1.6   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

      1.7   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving, data in any form or medium; etc.) and their employees and subcontractors.

      1.8   <u>Legend</u>: means a large, bold stamp or similar insignia stating either "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."

2.   <u>SCOPE</u>

      The protections conferred by this Stipulated Protective Order cover not only Confidential Information, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential Information.

3.   <u>DESIGNATION</u>

      3.1   <u>Exercise of Good Faith and Care in Designating Confidential Information</u>.  Any party to this action may designate information or documents "Highly Confidential - Attorneys' Eyes Only" or "Confidential" in the reasonable exercise of that party's discretion and upon a good

1  faith belief that such materials may reasonably be considered Confidential or Highly Confidential

2  Information, provided, however, that by agreeing to this Stipulated Protective Order, no party

3  waives the right to challenge any other party's designation.

4       3.2     <u>Manner and Timing of Designations</u>.

5       (a)     *Designation of Documents or Filings*.  To designate Confidential

6  Information in documentary form, the designating party shall place the Legend

7  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top

8  and/or bottom (as appropriate) of each page that contains material to be protected under this Order.

9       (b)     *Designation of Testimony and Hearing Transcripts*.  To designate

10  Confidential Information in testimony (or in exhibits referred to therein), the designating party

11  shall (1) make an oral statement to such effect on record in the course of the hearing or deposition

12  or (2) designate a certified deposition or hearing transcript, or portions thereof, as

13  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by so

14  notifying all parties in writing within ten (10) days after receipt of such transcript. Pending the

15  conclusion of that ten day period, the designated portions of the transcript or exhibits shall not be

16  disclosed to anyone other than those authorized to receive such information under this Protective

17  Order.  Portions of transcripts and exhibits containing Confidential Information must be separately

18  bound by the court reporter, who must affix to the top of each page the Legend

19  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as

20  instructed by counsel for the party to whose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

21  ATTORNEYS' EYES ONLY" information the deponent has had access.

22       If, during any deposition or hearing, any party desires to elicit testimony, offer

23  arguments, and/or introduce documents or other information which has been designated as

24  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or when

25  counsel for a party deems that the answer to a question will result in the disclosure of

26  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information

27  within the meaning of this Order, any person present at the deposition or hearing who is not

28  permitted access to such information shall leave the deposition or hearing during the examination

1   or argument. The failure of such persons to leave the deposition or hearing shall constitute

2   substantial justification for counsel to advise the witness that he or she need not answer the

3   question.

4          (c)     *Designation of Material Produced in Non-Paper Media or Other Tangible*

5   *Items.*  To designate non-paper media (e.g., videotape, audiotape, computer disk, etc.), the

6   designating party shall affix in a prominent place on the exterior of such non-paper media the

7   Legend "CONFIDENTIAL" or " HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." In

8   the event the Receiving Party generates any copy, transcription, or printout from any such

9   designated non-paper media, such party must mark such copy, transcription or printout as

10   "CONFIDENTIAL" or " HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and treat it

11   as so designated.

12       3.3   <u>Levels of Confidentiality Designations</u>.  There shall be two levels of confidentiality

13   pertaining to testimony, arguments, filings, documents, things and information as follows

14   hereunder.

15          (a)     Any testimony, arguments, filings, documents, things and information

16   designated as "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" is accessible only by

17   the following persons:

18              (i)     Counsel of record for the respective parties in this action, and the
attorneys, paralegals, and staff employed by counsel who have been
19   assisting in the conduct of this action; and

20              (ii)    1-800-Flowers.com, Inc.'s in-house counsel; and

21              (iii)   800-Flowers, Inc.'s in-house counsel; and

22              (iv)   The Court and its personnel (including court reporters); and

23              (v)    Any person identified on the face of a specific document or thing,
provided that if such person is not a party's current employee, officer or
24   director, such person executes a Certification in the form shown in Exhibit
A.  If such person is not identified on the face of a document or thing, then
25   it is the burden of the party seeking such further disclosure to establish by
competent testimony of a witness under oath, that such person is its
26   originator, author or a recipient of a copy thereof; if so established, such
person's access shall be limited to the specific document or thing itself, but
27   only after execution of a Certification in the form shown in Exhibit A; and

28              (vi)   Experts (as defined in this Order) engaged by counsel to assist in this
litigation, provided that such Experts execute a Certification in the form

STIPULATED PROTECTIVE ORDER

shown in Exhibit A.  In addition, at least five (5) business days prior to making disclosure of information designated Highly Confidential - Attorneys Eyes Only to any such Expert, the party making such disclosure shall provide the designating party with a copy of the Certification signed by the Expert and provide written notice as follows: (1) full name; (2) office address; (3) present employer and job title; (3) job history of the Expert for the past ten (10) years, including any relationship with any competitor of any party; and (4) the nature of the Highly Confidential-Attorneys Eyes Only information that will be disclosed.  If such Experts have been engaged in the past three years, or are currently engaged, to assist in any litigation on behalf of _____, _____, _____, _____, _____, _____, or _____, counsel for the party seeking to disclose Highly Confidential - Attorneys Eyes Only Information to Experts in this instance will additionally identify at least five (5) business days in advance of such disclosure any litigation (by name and number of the case, filing date, and location of court) in which the Expert was or is engaged by the above listed competitors of 1-800-Flowers.com, Inc. and 800-Flowers.com.  The extent that a producing party produces a document containing trade secrets, the producing party may, prior to disclosure, meet and confer with opposing counsel concerning the appropriateness and necessity of disclosing the trade secrets to the receiving parties' experts.  If the parties are unable to resolve a dispute with respect to these trade secrets, they will bring the matter to the Court's attention pursuant to the procedures set forth in paragraph 3.6.

(vii)    Professional Vendors; and

(viii)   Any other persons as the parties may agree to in writing or as the Court may order.

(b)      Any testimony, arguments, filings, documents, things and information designated as "CONFIDENTIAL" is accessible only by the following persons:

(i)      Persons having access to "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information; and

(ii)     The named Plaintiff; and

(iii)    Experts (as defined in this Order) engaged by counsel to assist in this litigation, provided that such Experts execute a Certification in the form shown in Exhibit A; and

(iv)    Fact witnesses providing testimony by deposition or at any court proceeding in this case, but only after execution of a Certification in the form shown in Exhibit A; and

(v)     Any other persons as the parties may agree to in writing or as the Court may order.

3.4     <u>Conflicts in Designation</u>.  If the parties designate the same testimony, arguments, filings, documents, things or information as having different levels of confidentiality, the higher designation shall control until, and unless, the Court rules differently. If the Receiving Party believes that any testimony, arguments, filings, documents, things or information should be

protected by a higher degree of confidentiality than specified by the disclosing party, and has not previously produced and/or so designated the testimony, arguments, filings, documents, things and information and the disclosing party does not agree to modify the level of confidentiality, the Receiving Party may, at any time, seek a ruling from the Court to that effect.

3.5     <u>Inadvertent Failure to Designate</u>.  A party's inadvertent failure to designate testimony, documents, items or other information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not be construed as a waiver, in whole or in part, and that party shall have thirty (30) business days after such production to so stamp or otherwise designate the document, testimony, item or other information.  The thirty-day limitation on the post-production designation of testimony, documents, items or other information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not apply to testimony, documents, items or other information that have been previously produced and in that prior production designated as confidential.

3.6     <u>Resolution of Disputes Arising Under this Order, Including Disputes Regarding Confidentiality Designations</u>.  A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge at the time a designation is made, and is not precluded from making a subsequent challenge thereto during the pendency of this litigation. In the event that any party to this litigation disputes any such designation, such party shall provide to the designating party written notice of its disagreement with the designation. In an effort to settle such dispute without judicial intervention, the parties shall meet and confer within five (5) business days after such notice to reconsider the circumstances and explain the bases for maintaining or challenging the designation.

If the dispute cannot be resolved, any party may request relief from the Court by filing and serving a motion under Civil Local Rule 7 (and in compliance with Civil Local rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements and that sets forth with specificity the justification for the confidentiality designation that was given by the designating party in the meet

STIPULATED PROTECTIVE ORDER

1   and confer dialogue.

2       During the pendency of such dispute or application, and until the Court may rule otherwise,

3   the information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'

4   EYES ONLY" shall remain subject to the designations and restrictions of this Order.

5   4.    <u>RESTRICTIONS ON DISCLOSURE, ACCESS, AND USE</u>

6       4.1   <u>Record Maintenance</u>. All Confidential Information must be stored and maintained

7   by a Receiving Party at a location and in a secure manner than ensures that access is limited to

8   persons authorized under this Order.

9       4.2   <u>Redacted Information</u>.  Any party may further limit access to Confidential

10   Information by (1) readacting Social Security, credit card numbers, and other personal identifying

11   information, until and unless the Court orders that such numbers and information be produced; and

12   (2) redacting privileged materials prior to production.  Nothing in this Order shall be construed as

13   a waiver of any party's right to object to such redactions, and to seek production of the unredacted

14   documents.  A party who seeks disclosure of redacted information shall meet and confer with the

15   redacting party, and may thereafter seek relief from the Court if the dispute cannot be resolved.

16       4.3   <u>Copies, Summaries, and Extracts</u>. No individual shall make copies, extracts or

17   summaries of any Confidential Information produced during the course of this litigation except to

18   the extent necessary for use as permitted by this Order. Counsel and all persons to whom such

19   copies, extracts, or summaries are disclosed shall take all reasonable and appropriate precautions

20   to avoid loss and/or inadvertent disclosure of such material.

21       4.4   <u>Limitation to Instant Action</u>.  No person or party, including third parties, receiving

22   or providing any Confidential Information during the course of these proceedings shall disclose

23   such Confidential Information to anyone other than as permitted by this Order nor use such

24   Confidential Information for any purpose other than for use in this litigation, except as may be

25   required by law, and then only upon adequate notice to the parties that such disclosure is required.

26   Such notice shall be given prior to the time any disclosure of Confidential Information is made.

27       4.5   <u>Confidential Information Subpoenaed or Ordered Produced in Other Litigation</u>.

28       If a Receiving Party is served with a subpoena or an order issued in other litigation that

would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the designating party, in writing (by fax, if possible) immediately and in no event more than five (5) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order and afford the designating party a reasonable opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Producing Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

4.6     Third Party Discovery.  To the extent that any discovery is sought from a person or entity who is not a party to this litigation, and in the event such third party or any of the parties hereto contend the discovery sought from the third party by a requesting party involves Confidential Information, then such third party may agree to be bound by this Order and to produce documents, information and things in compliance with this Order, and to so notify all parties to this litigation in writing.  In the event such third party agrees to be bound by this Order, then the provisions of this Order are to apply to that party.

4.7     Unauthorized Disclosure of Confidential Information. If a party learns that, by inadvertence or otherwise, it has disclosed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information to any person or in any circumstance not authorized

STIPULATED PROTECTIVE ORDER

1   under this Stipulated Protective Order, that party must immediately (a) notify in writing the

2   designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of

3   the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures

4   were made of all the terms of this Order, and (d) request such person or persons to execute the

5   Certification in the form shown in Exhibit A.

6          4.8     Filing Confidential Information. Except as provided in this paragraph, without

7   written permission from the designating party or a court order secured after appropriate notice to

8   all interested persons, a party or non-party may not file in the public record in this or any other

9   action any Confidential Information protected under this Order.  A party who wishes to file

10  Confidential Information with the Court must attempt to file that Confidential Information under

11  seal in compliance with Civil Local Rule 79-5, and neither the lodged document nor any proposed

12  redacted version will be filed in the public record, except upon Court order.  If a document is filed

13  under seal, where possible, only the portions of filings containing Confidential Information shall

14  be filed with the Court under seal.  If any Confidential Information is filed with the Court under

15  seal, then the party submitting the Confidential Information shall file a public copy of the pleading

16  containing the Confidential Information in redacted form.

17  5.      ORDER NOT APPLICABLE

18         5.1     Nothing contained herein shall prevent any party from using Confidential

19  Information for a trial in this matter, provided that the Producing Party has reasonable notice at the

20  time trial exhibits are designated.  Confidential Information can be introduced at trial, provided

21  that all CONFIDENTIAL stamps are removed before use.  The removal of the CONFIDENTIAL

22  stamp, however, shall not affect the status of the Confidential Information unless it is admitted into

23  evidence by the Court, in which case, unless the Court orders otherwise, the evidence will become

24  public knowledge.

25  6.      DURATION AND TERMINATION

26         6.1     Even after the termination of this litigation, the confidentiality obligations imposed

27  by this Order shall remain in force and effect unless or until it is modified, superseded or

28  terminated on the record by agreement of the parties hereto or by order of the Court.

1    6.2    Within sixty (60) days after the final termination of this action, which includes any

2    final judicial appellate review, each Receiving Party must return to the Producing Party any and all

3    "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"

4    information, and all copies, summaries and extracts of the same or shall certify by the sixty (60)

5    day deadline the destruction of such material. Notwithstanding this provision, counsel are entitled

6    to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

7    correspondence or attorney work product, even if such materials contain Confidential Information.

8    Any such archival copies that contain or constitute Confidential Information remain subject to this

9    Order.

10    7.    <u>MISCELLANEOUS</u>

11    7.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to

12    seek its modification by the Court in the future.  This Order may be supplemented and/or amended

13    by the parties upon an appropriate showing to the Court or on the Court's own motion.  To the

14    extent that the provisions of this Protective Order require the modification of the briefing schedule

15    on any motion or other proceeding, the parties shall negotiate in good faith regarding a

16    modification to the briefing schedule; if the parties are unable to reach agreement on a briefing

17    schedule, any party may bring the matter to the attention of the Court for resolution.

18    7.2    <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Order, no party

19    waives any right it otherwise would have to object to disclosing or producing any information or

20    item on any ground not addressed in this Stipulated Protective Order.  Similarly, no party waives

21    any right to object on any ground to use in evidence of any of the material covered by this Order.

22    Nothing in this Order shall be construed to be an admission of relevance or to affect, in any way,

23    the admissibility of any documents, testimony or other evidence in this litigation.  This Order is

24    without prejudice to the right of any party to bring before the Court at any time the question of

25    whether any particular information is or is not discoverable or admissible.

26    7.3.    Nothing in this Order shall bar or otherwise restrict any attorney in this litigation

27    from rendering advice to clients with respect to this litigation and in the course of so advising,

28    referring to or relying upon the attorney's examination of "CONFIDENTIAL" or "HIGHLY

STIPULATED PROTECTIVE ORDER

1    CONFIDENTIAL - ATTORNEYS' EYES ONLY" information as long as the attorney does not

2    disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"

3    information.

4        7.4     Nothing in this Order shall preclude any party from retaining experts or consultants

5    of its choice in this litigation.

6    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7    Respectfully submitted,

8

9    Date:    October 15, 2008             WESTRUP KLICK, LLP

10

11                                      By: /S/ Mark L. Van Buskirk
MARK VAN BUSKIRK, Attorneys for Plaintiff

12                                      THOMAS MOLNAR and the putative class.

Date:    October 15, 2008             WHITE O'CONNOR FINK &  BRENNER LLP

13

14                                      By: /S/ Keri E. Borders
KERI E. BORDERS

15                                      Attorneys for Defendant 1-800-Flowers.com, Inc. and
800-Flowers, Inc.

16

17    Date:    October 15, 2008             KILPATRICK STOCKTON LLP

18

19                                      By: /S/ James F. Bogan
JAMES F. BOGAN, III

20                                      Attorneys for Defendant 1-800-Flowers.com, Inc. and
800-Flowers, Inc.

21

22

23

24    PURSUANT TO STIPULATION, IT IS SO ORDERED.

25

26    DATED:    October 21, 2008            /s/ Jacqueline Chooljian
Honorable Jacqueline Chooljian

27                                      United States Magistrate Judge

28

STIPULATED PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## CERTIFICATION AND CONFIDENTIALITY AGREEMENT

I, _____, certify and declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of Molnar v. 1-800-Flowers.com, Inc., Case No. CV-08-0542 CAS (JCx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I acknowledge that I am to retain all copies of any of the materials that I receive that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in a manner consistent with this Order, and that all such copies are to be returned or destroyed as specified in this Order on the termination of this litigation or the completion of my duties in connection with this litigation.

_____
Date

_____
City, State where sworn and signed

_____
Signature

_____
Printed Name

_____
Address

_____
Phone Number