UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

## *AMENDED CIVIL MINUTES - GENERAL

| Case No. | CV 08-0542 CAS (JCx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | Thomas Molnar v. 1-800-Flowers.com, Inc., et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| R. Duane Westrup | Keri Borders |
| | Judith Powell |
| | James Bogan |

**Proceedings:**  **Plaintiff's Motion to Remand** (filed 1/21/2009)

I.   **INTRODUCTION AND BACKGROUND**

     Plaintiff filed the instant class action case in Los Angeles County Superior Court on December 21, 2007 against 1-800-Flowers Retail, Inc.  Compl. ¶ 1.  On January 28, 2008, 1-800-Flowers Retail, Inc. removed the instant class action to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453, and on the basis of diversity jurisdiction pursuant to 28 § U.S.C. 1332(a) and 1441(a).  Notice of Removal ¶¶ 14, 19-20.  With regard to CAFA jurisdiction, 1-800-Flowers Retail, Inc. stated:

> Without prejudice to 1-800-Flowers' defenses in this action, 1-800-Flowers has calculated (a) the total alleged "shipping charges" at issue (b) billed to California residents (c) for orders fulfilled by local florists (d) between January 1, 2007 and December 21, 2007 (the date of the filing of the Complaint.  These charges total approximately $9,750,000 representing alleged "shipping charges" on approximately 745,000 separate order separate orders by just over 500,000 different customers in California.

Notice of Removal ¶ 17.

     Subsequent to removal, plaintiff learned that he had erroneously sued 1-800-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA       JS - 6       O

***AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0542 CAS (JCx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | Thomas Molnar v. 1-800-Flowers.com, Inc., et al. | | |

Flowers Retail, Inc., which operates retail stores rather than the website at issue in the instant action. On July 16, 2008, plaintiff filed a first amended complaint ("FAC"), substituting 1-800-Flowers.com, Inc. and 800-Flowers, Inc. for 1-800-Flowers Retail, Inc. as defendants.[1]

The gravamen of plaintiff's FAC is that defendants misrepresented "the shipping charges for defendants' floral and plant gifts that are ordered by consumers and delivered on the same day by a local florist." FAC ¶ 1. In his FAC, plaintiff alleges that on or about August 29, 2007, plaintiff placed an on-line order for defendants' products. FAC ¶ 10. Plaintiff alleges that defendants misrepresented shipping and delivery charges on their website. FAC ¶ 1. Specifically, plaintiff alleges that he was charged for shipping charges, even though the flowers were not shipped, but were instead hand delivered by a local florist. FAC ¶ 15. Plaintiff alleges that the cost of hand delivery was already included in the price, and that therefore, plaintiff paid for delivery twice. FAC ¶ 15. Plaintiff alleges claims under Cal. Business & Professions Code § 17200 and § 17500 and Cal. Civil Code § 1710(3) for false advertising, unfair business practices, fraudulent concealment, money had and received, unjust enrichment, and imposition of a constructive trust. FAC ¶¶ 29-65.

On January 21, 2009, plaintiff filed the instant motion to remand. On February 9, 2009, defendants filed an opposition.[2] A reply was filed on February 13, 2009. After the hearing, defendants filed a supplemental brief in support of their opposition. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand

---

[1] The change of parties was the only amendment made to the complaint. Mot. at 3.

[2] Defendants argue that plaintiff's motion is procedurally improper, because plaintiff failed to "discuss thoroughly" with defendants the substance of the motion to remand prior to filing, and did not wait 20 days after conferring with defendants to file the motion, in violation of Local Rule 7-3. Opp'n at 7. Despite these purported procedural defects, the Court considers the substance of plaintiff's arguments herein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA       JS - 6       O

***AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0542 CAS (JCx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | Thomas Molnar v. 1-800-Flowers.com, Inc., et al. | | |

may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure.  See 28 U.S.C. § 1447(c).  The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of establishing federal jurisdiction.  See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  The defendant also has the burden of showing that it has complied with the procedural requirements for removal.  Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal.  When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal.  Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986).  This is known as the rule of unanimity.  See Chicago, Rock Island & Pacific Railway v. Martin , 178 U.S. 245 (1900); see also Schwarzer, supra, § 2:905.2.

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion.  McAnally Enterprises, Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000).  Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

## III.    DISCUSSION

### A.    Amount in Controversy

Plaintiff moves to remand on the basis that discovery responses have revealed that the case does not meet the $5,000,000 amount in controversy threshold for CAFA jurisdiction. Mot. at 1.  Plaintiff states that on December 22, 2008, defendants provided supplemental discovery responses.  Mot. at 1. Plaintiff states that while defendants' initial discovery response had estimated that no more than $10,317,228.65 in shipping charges were collected by defendants, the supplemental response stated that no more than $2,931,794.63 in shipping charges were collected by defendants "on orders delivered the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

### *AMENDED CIVIL MINUTES - GENERAL

| Case No. | CV 08-0542 CAS (JCx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | Thomas Molnar v. 1-800-Flowers.com, Inc., et al. | | |

same day." Mot. at 1, citing Ex. 1 (Defendants' Supplemental Response to Plaintiff's Interrogatory No. 14). Plaintiff argues that its FAC clearly limited its allegations to those orders for defendants' products that were ordered and delivered on the same day, and that, therefore, the $2,931,794.63 is the accurate figure for determining the amount in controversy.[3] Mot. at 5; See FAC ¶ 1 (action is based "upon defendants' misrepresentations of the shipping charges for defendants' floral and plant gifts that are ordered by consumers and delivered *on the same day* by a local florist.") (emphasis added). Plaintiff argues that, therefore, defendants' allegation in the notice of removal that the total shipping charges at issue is approximately $9,750,000 is erroneous, and that, instead, the amount in controversy is actually more than $2,000,000 less than the

---

[3] Plaintiff raises a further argument in his reply that the $2,931,794.63 is an overestimate of the damages. Specifically, plaintiff argues that between March 1, 2006 and December 1, 2006, defendants operated two websites, one which displayed the "shipping charge" (the website at issue in the instant action), and another pre-existing website, which, plaintiff argues, "properly denoted 'service charge' when consumers selected same day local florist delivery." Reply at 6. Plaintiff argues that defendants have the ability to correlate a given purchase with the corresponding website. Reply at 7. Defendants argue that the $2,931,794.63 encompasses data from March 1, 2006 through January 31, 2008, but that it is unclear whether it excludes the "service charges" from the "properly functioning website" which, plaintiff argues, should not be included in the amount-in-controversy. Reply at 7.

On February 18, 2008, defendants filed a declaration in reply to plaintiff's reply, in which defendant declared that the $2,931,794.63 in shipping charges includes only those orders placed on the website at issue in the instant action, and does not include any charges associated with orders placed on the pre-existing website. On February 19, 2009, plaintiff filed an objection to defendants' declaration, arguing that the declaration violates Local Rule 7-10. See L.R. 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply"). The Court nevertheless considers the declaration herein, and views the declaration as confirmation that the $2,931,794.63 is the accurate estimate of shipping charges, an estimate which plaintiff appeared to confirm at the hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA      JS - 6      O

**\*AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0542 CAS (JCx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | Thomas Molnar v. 1-800-Flowers.com, Inc., et al. | | |

$5,000,000 requirement for CAFA jurisdiction.[4]  Mot. at 7.

"Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met."  Davis v. Chase Bank U.S.A., N.A., 453 F.Supp.2d 1205, 1208 (C.D. Cal. 2006), citing Abrego v. Dow Chemical Co, 443 F.3d at 683 (9th Cir. 2006).  "Under this standard, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy satisfies the federal diversity jurisdictional amount requirement."  Davis, 453 F.Supp.2d at 1208, citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).  "In its discretion, a district court may accept certain post-removal admissions as determinative of the amount in controversy."  Id.

Defendants argue that the $5,000,000 amount in controversy requirement is met in the instant action, for two reasons: (1) plaintiff's motion incorrectly limits the scope of the class and (2) in addition to the value of the shipping charges, plaintiff also seeks

---

[4] In the Notice of Removal, 1-800 Flowers Retail, Inc. also argued that, despite plaintiff's averment in the FAC that the amount in controversy "does not exceed $74,999," the fact that plaintiff seeks attorneys' fees and punitive damages rendered the amount-in-controversy above $75,000.  Notice of Removal ¶ 21-23; see FAC ¶ 5. However, plaintiff argues that traditional diversity jurisdiction does not exist, given that both the complaint and the FAC explicitly stated that the individual claim of each class member does not exceed $74,999, and given that plaintiff's claim is based on a $68.18 flower purchase.  Mot. at 11; FAC ¶ 5; Compl. ¶ 5.  Defendants do not appear to contest this in their opposition, and the Court finds that defendants have not shown that the amount in controversy for the plaintiff individually exceeds $75,000, given the Ninth Circuit's holdings that "under California law, attorneys' fees are not awarded solely to the named plaintiffs in a class action, and they therefore cannot be allocated solely to those plaintiffs for purposes of amount in controversy" and that "punitive damages cannot be aggregated and attributed in total to each member of a class action for purposes of the amount-in-controversy requirement."  Gibson v. Chrysler Corp., 261 F.3d 927, 943 (9th Cir. 2001).  Because plaintiff's individual claim is so small, it is unlikely that his pro-rata share of attorneys' fees and punitive damages would be large enough so as to satisfy the amount in controversy requirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**\*AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0542 CAS (JCx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | Thomas Molnar v. 1-800-Flowers.com, Inc., et al. | | |

recovery of (a) delivery charges, (b) sales tax, (c) attorneys' fees, and (d) punitive damages.

### 1. Scope of Class

First, defendants argue that the FAC "reasonably is read as seeking recovery of all 'shipping charges' paid for products hand-delivered by a local florist," not just those products that were hand-delivered on the same day on which they were ordered. Opp'n at 2. However, defendants' argument is unavailing. Defendants cite passages in plaintiff's FAC which, defendants argue, could reasonably be read as referring to all shipping charges, not just those for same-day deliveries. However, the passages cited by defendants all refer to defendants' "products." In paragraph 1 of the FAC, "products" is explicitly defined as "defendants' floral and plant gifts that are ordered by consumers and delivered *on the same day* by a local florist." FAC ¶ 1 (emphasis added).

Defendants argue that plaintiff's limitation on the scope of the class is against the interests of the putative class, and that plaintiff's theory of the case – that he was overcharged when he paid for both a shipping charge and a delivery charge where products were hand-delivered – would logically apply to any of defendants' products that were hand delivered, not just those delivered on the same day that they were ordered. Opp'n at 19. However, despite defendants' argument, the Court finds that plaintiff's allegations in the FAC clearly limit the scope of the class to those who received same-day delivery of defendants' products, and that, therefore, the amount in controversy must be calculated accordingly.

### 2. Delivery Charges, Sales Tax, Attorneys' Fees, and Punitive Damages

Next, defendants argue that, even if the class is limited to individuals who received same-day delivery of defendants' products, the jurisdictional requirement is nevertheless met, because, in addition to seeking recovery of the shipping charges, plaintiff is also seeking recovery of delivery charges, sales tax, attorneys' fees, and punitive damages. Opp'n at 10.

#### a. Delivery Charge

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**\*AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0542 CAS (JCx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | Thomas Molnar v. 1-800-Flowers.com, Inc., et al. | | |

      First, defendants argue that, in addition to the shipping charge ($2,931,794.64 in total for same-day customers according to defendants), plaintiff seeks recovery of an allegedly "hidden delivery charge" of between $7 and $7.99 (totaling between $1,637,272 and $1,868,829,04). The Court notes that plaintiff's FAC does not appear to unequivocally state that it seeks to recover the "delivery charge" in addition to the shipping charge. Instead, plaintiff's contention appears to be that defendants deceptively hid the delivery charge, so as to conceal the fact that plaintiff was being charged both a "shipping" charge and a "delivery" charge. See, e.g., FAC ¶ 29. However, defendants note argue that plaintiff's initial disclosure statement, which states "Plaintiff, and each class member, has suffered damages in an amount equal to the amount paid to Defendant for shipping fees and/or the amount of overcharge for delivery services, including prejudgment interest" indicates that defendant in fact seeks delivery charges. Opp'n at 11; Def's Ex. C (Plaintiff's Initial Disclosure) at 4. At the hearing, however, plaintiff stated that he does not seek recovery of delivery charges.[5] Because it is not clear from the face of the FAC that plaintiff intended to seek delivery charges, and because plaintiff has in fact stated that he does not seek recovery of such charges, the Court finds inclusion of delivery charges in the amount in controversy to be inappropriate.

### b.     Sales Tax on Shipping Charge

      Second, defendants argue that plaintiff has indicated that he also seeks to recover the 8.25% sales tax paid on the delivery charge. Opp'n at 11. Again, plaintiff does not appear to specifically seek recovery of sales tax in his FAC. However, defendants note that in plaintiff's interrogatory response, plaintiff stated "[i]t is wrong for defendants to include a separately stated shipping charge on the invoice and to charge sales tax on the separately stated shipping charge which results in consumers paying more in sales tax than the[y] should . . ." Opp'n at 11. Def's Ex. D (Plf's Sup. Response to Def's Interrogatory, Set One) at 11. Plaintiff, however, argues that "Plaintiff made no mention of [sales tax charges] in his Complaint, and accordingly, has not put them in controversy." Reply at 12. Plaintiff further clarified at the hearing that he does not seek

---

     [5] The Court notes that, at the hearing, plaintiff's counsel stated that plaintiff's seeks "delivery charges" and not "shipping charges." However, based on the content of plaintiff's argument, the Court assumes that counsel in fact meant that plaintiff seeks "shipping charges" and not "delivery charges."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**\*AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0542 CAS (JCx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | Thomas Molnar v. 1-800-Flowers.com, Inc., et al. | | |

recovery of sales tax. Therefore, because it is not clear from the face of the FAC that plaintiff intended to seek sales tax, and because plaintiff has in fact stated that he does not seek sales tax, the Court finds inclusion of sales tax in the amount in controversy to be inappropriate.

### c.  Attorneys' Fees

Defendants also note that plaintiff's FAC seeks attorneys' fees under Cal. Code of Civ. P. § 1021.5 ("Section 1021.5") as well as under other applicable law. FAC ¶ 27, 36, 42, 53, 57, 61 and 66. "Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." Galt G/S v. JSS Scandanavia, 142 F.3d 1150, 1156 (9th Cir. 1998); see also Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir. 2007) (finding that Section 1332(a)'s amount-in-controversy requirement included attorneys fees, where attorneys' fees were claimed, *inter alia*, under Section 1021.5); Yeroushalmi v. Blockbuster, Inc. 2005 WL 2083008 (C.D. Cal. July 11, 2005) (including attorneys' fees for purposes of amount in controversy requirement, and concluding that the Court had jurisdiction under CAFA). At the hearing, plaintiff confirmed that his FAC seeks attorneys' fees.

Defendants argues, and the Court agrees, that a fair estimate of attorneys' fees in this action is 25% of compensatory damages. Opp'n at 13, Staton v. Boeing Co., 327 F.3d 938, 967 (9th Cir. 2003) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees.") (Tompkins v. Basic Research LLC, 2008 WL 1808316, \*4 (E.D. Cal. Apr. 22, 2008) ("plaintiff seeks to establish a 'common fund' of disgorged money, and the Ninth Circuit has established that 25% of the common fund is a fair estimate of attorneys' fees."). Applying a 25% fee estimate to the $2,931,794.63 compensatory damages figure (which includes only the shipping charges) yields an attorneys' fee award of $732,948.65. Therefore, the Court includes this amount in determining the amount in controversy.

### d.  Punitive Damages

Defendants also note that plaintiff's FAC seeks punitive damages, and argue that such damages should be counted toward the amount in controversy. See FAC ¶ 52. In general, claims for punitive damages are considered in determining the amount in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

***AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0542 CAS (JCx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | Thomas Molnar v. 1-800-Flowers.com, Inc., et al. | | |

controversy, as long as punitive damages are available under the applicable law. Burk v. Medical Savings Ins. Co., 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004); Conrad Associates v. Hartford Accident & Indemnity Co., 994 F. Supp. 1196, 1198-99 (N.D. Cal. 1998); Richmond v. Allstate Ins. Co., 897 F. Supp. 447, 450 (SD Cal. 1995). In this case, punitive damages are available under plaintiff's claim for deceit pursuant to Cal. Civ. Code § 1710. Therefore, plaintiff's claim for punitive damages would generally be considered in calculating the amount in controversy.

At the hearing, however, plaintiff stated that he does not seek punitive damages in this matter. Yet, plaintiff's contention that he does not seek punitive damages is contrary to a clear statement in plaintiff's FAC. See FAC ¶ 52 ("Plaintiff and members of Class are entitled to punitive damage since Defendants wilfully and fraudulently acted with malice, oppression, and/or in conscious disregard for their legal rights as a result of Defendants' despicable conduct, including, but not limited to, Defendants' suppression of facts"). Case law establishes that limitations on the amount in controversy which arise after removal do not divest the federal court of removal jurisdiction. See St. Paul Mercury Indemnity Co. Red Cab. Co., 303 U.S. 283, 293 (1938); Hill v. Blind Industries and Services of Maryland, 179 F.3d 754, 757 (9th Cir. 1999) ("diversity jurisdiction is determined at the time the action commences, and a federal court is not divested of jurisdiction . . . if the amount in controversy subsequently drops below the minimum jurisdictional level"). Although the Supreme Court recently held in Powerex Corp. v. Reliant Energy Servs., 551 U.S. 224, (2007) that a properly removed case may later suffer from a failing of subject matter jurisdiction rendering remand appropriate, the Court affirmed the general rule that "postremoval events do not deprive federal courts of subject-matter jurisdiction." 127 S. Ct. 2411, 2417 (2007). As a result, the Court finds that plaintiff's claim for punitive damages is properly considered in determining the amount in controversy.

Therefore, the Court next turns to the question of whether defendants have met their burden of showing by a preponderance of the evidence that the punitive damages claim in this case renders the amount in controversy sufficient for the purposes of CAFA. In their opposition, defendants argue that even if delivery charges, sales tax, and attorneys' fees were not included in the amount in controversy, plaintiff's claim would still meet the $5,000,000 requirement if the punitive damage award were estimated at $2,068,205.37. Opp'n at 14. Because the Court finds herein that $732,948.65 in attorneys' fees is properly included in the jurisdictional amount, defendant must in fact

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

***AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0542 CAS (JCx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | Thomas Molnar v. 1-800-Flowers.com, Inc., et al. | | |

show that it is more likely than not that plaintiff's claim for punitive damages is worth $1,335,256.72.

Defendants argue that it is clear that plaintiff's claim satisfies the required amount of punitive damages , because the required amount to meet the jurisdictional requirement – $1,335,256.72 –  is less than the compensatory damage amount and therefore qualifies as a "conservative estimate" in the context of consumer fraud cases.  Opp'n at 14-16, citing Tompkins, 2008 WL 1808316 *4 (applying a "conservative estimate" of a 1:1 ratio between punitive and compensatory damages for the purposes of determining jurisdictional amount).  To further support this argument, defendants cite a number of California cases in which courts have upheld large punitive damage awards in amounts significantly larger than the compensatory damage award.  See, e.g., Johnson v. Ford Motor Co., 135 Cal. App. 4th 137, 150 (2005) (remitting a punitive damage award in consumer deception case to $175,000, just less than 10 times the compensatory award); Bardis v. Oates, 119 Cal. App. 4th 1, 26-27 (2004) (reducing punitive damage award to $1.5 million in a fraud and breach of fiduciary duty case, slightly exceeding a 9:1 ration of punitive damages to compensatory damages).

It is true that in determining the amount in controversy, the Court may consider arguments set forth by defendant that punitive damages awards in other, similar, cases have been comparable to or higher than those claimed by defendant.  See Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1033 ("To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts").  However, the Court also notes that, in determining the amount in controversy in diversity cases, courts have often rejected such arguments where defendant fails to show that the cited cases have analogous facts to the action at issue, and have declined to find that the amount in controversy is satisfied where defendants' arguments regarding the amount of punitive damages are deemed too speculative.  See, e.g., Conrad Associates, 994 F.Supp at 1201 ("Defendant's burden cannot be met simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim could total a large sum of money, particularly in light of the high burden that must be met in order for a plaintiff even to be eligible for receipt of discretionary punitive damages"); Haisch v. Allstate Ins. Co., 942 F. Supp. 1245, 1249 (D. Ariz. 1996) ("It would be inherently speculative for this Court to conclude that the amount in controversy requirement can be met by simply asserting that large punitive damage awards have been awarded in the past against insurance companies faced with allegations of fraud . . . Defendant has failed to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA   JS - 6   O

### *AMENDED CIVIL MINUTES - GENERAL

| Case No. | CV 08-0542 CAS (JCx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | Thomas Molnar v. 1-800-Flowers.com, Inc., et al. | | |

articulate why the particular facts that are alleged in the instant action might warrant extraordinary punitive damages."); Saiyad v. Old Mutual Financial Network, 2006 U.S. Dist. LEXIS 9459 (E.D. Cal. 2006) ("Even assuming that emotional distress and punitive damages are appropriate in the instant case, the Court will not speculate as to what would constitute a reasonable estimate of those damages. . . Although Defendants successfully identify several insurance-specific cases involving large damage awards, the Court can point to numerous other cases where the emotional distress and punitive damage awards pale in comparison. . . the cases upon which Defendants rely appear to involve conduct substantially more egregious than the conduct alleged in the instant matter."); Sasser v. Allstate Ins. Co., 2008 U.S. Dist. LEXIS 85193 *11 (N.D. Cal. 2008) ("the complaint contains largely boilerplate allegations regarding defendants' bad faith in denying their claim, and the Court is unable to make an assessment of the likelihood of plaintiffs obtaining punitive damages. On this record, the Court finds that defendants have not met their burden of showing that it is more likely than not that punitive damages will raise the amount in controversy over $ 75,000.")

Although defendants in this action cite a number of cases where large punitive damage awards have been upheld, these cases do not appear to involve similar facts to the instant action, and defendants set forth little evidence that would indicate that the award of significant punitive damage sums in other cases indicates that a significant award in this case is more likely than not.  See, e.g. Ajimatanrareje v. Metropolitan Life Ins. Co., 1999 U.S. Dist. LEXIS 7339 *14 (declining to remand insurance fraud case, stating that although defendant cites cases where large punitive damages were awarded against insurance companies involving fraud, defendant made "no showing that these fraud cases resulting in large punitive damage awards are factually similar"). Furthermore, defendants have pointed to no specific attributes of this case that would indicate that a punitive damage award of over $1.3 million would be warranted.  See Haisch, 942 F. Supp. at 1249.  On the contrary, as in Sasser, 2008 U.S. Dist. LEXIS 85193 *11, plaintiff's claim for punitive damages in the FAC contains only cursory allegations regarding defendants' alleged deceitful conduct, and the Court is unable to make an assessment of the likelihood of plaintiffs obtaining punitive damages.  Therefore, the Court declines to find that defendants have shown by a preponderance of the evidence that plaintiff's claim for punitive damages is more likely than not to be worth $1,335,256.72.

### IV.   CONCLUSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA              JS - 6         O

## *AMENDED CIVIL MINUTES - GENERAL

| Case No. | CV 08-0542 CAS (JCx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | Thomas Molnar v. 1-800-Flowers.com, Inc., et al. | | |

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand.

|  | 00 | : | 09 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |